'O'

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SNOW JOE, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LINEMART INC., et al.,<br><br>　　　　Defendants. | CV 20-00587-RSWL-RAOx<br><br>**ORDER re: Plaintiff's Supplemental Request for Attorneys' Fees** [61] |

　　Plaintiff Snow Joe, LLC ("Plaintiff") brought the instant Action against Defendants Linemart, Inc.; Linemart NJ, Inc.; Shenzhen Sailvan Network Technology Ltd.; and Shenzhen Sailvan Ecommerce Co., Ltd. (collectively, "Defendants") asserting false advertising claims arising out of Defendants' sale of pressure washers.  The parties thereafter settled, and the Court issued an injunction prohibiting Defendants from continuing their false advertising activity.

　　On July 18, 2022, the Court found Defendants in contempt of the Amended Permanent Injunction and the

1

parties' Settlement Agreements [60]. The Court also granted Plaintiff's request for attorneys' fees and ordered Plaintiff to file supplemental briefing to establish the proper amount of fees to be awarded. Currently before the Court is Plaintiff's Supplemental Request for Attorneys' Fees ("Request") [61]. Having reviewed all papers submitted pertaining to this Request, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Plaintiff's Request and **AWARDS** Plaintiff a total of **$24,033.79** in attorneys' fees and costs.

## I.  BACKGROUND[1]

On November 7, 2021, Plaintiff and Defendants entered into a Settlement Agreement, which required Defendants to submit HOMDOX-branded pressure washers for testing and to remove inaccurate listings of those pressure washers. Pl.'s Mot. for Contempt ("Mot.") Ex. 1 ("Original Agreement"), ECF No. 55-3. Pursuant to this agreement, the Court issued a Permanent Injunction on November 17, 2021, enjoining Defendants from falsely advertising their pressure washers. See generally Permanent Inj., ECF No. 49.

The parties then entered into an Amended Settlement Agreement on February 17, 2022, which expanded the scope of the settlement to regulate Defendants' sale of other

---

[1] The facts underlying this Action are recounted in detail in the Court's Order holding Defendants in civil contempt. See Order re: Pl.'s Mot. for Contempt & Enforcement of Settlement ("Contempt Order") 2:6-4:11, ECF No. 60. The Court includes here only the facts relevant to this Request.

1 types of pressure washers.  Decl. of Christopher Q. Pham
2 in Supp. of Mot. Ex. 2 ("Am. Settlement Agreement"), ECF
3 No. 55-4.  Accordingly, on February 18, 2022, the Court
4 entered an Amended Permanent Injunction.  See generally
5 Am. Permanent Inj., ECF No. 54.
6     On February 28, 2022, Plaintiff sent Defendants a
7 notice of breach of the Amended Settlement Agreement.
8 Mot. Ex. 6, ECF No. 55-9.  The parties engaged in meet-
9 and-confer sessions on March 11, March 21, and April 13,
10 2022.  Mot. 4:6-9.  The parties then held a fourth meet-
11 and-confer session on April 27, 2022.  Id. at 4:6-9.
12 Plaintiff filed its Motion for Contempt [55] on April
13 28, 2022.  The Court granted [60] the Motion on July 18,
14 2022.  Plaintiff filed the instant Request [61] on July
15 29, 2022, to which Defendants did not object.

## II. DISCUSSION

### A. Legal Standard

18    "Attorneys' fees can be recovered only to the
19 extent they are reasonable."  SAS v. Sawabeh Info.
20 Servs. Co., No. CV1104147MMMMANX, 2015 WL 12763541, at
21 *4 (C.D. Cal. June 22, 2015) (citing In re SNTL Corp.,
22 F.3d 826, 842 (9th Cir. 2009)).  Courts routinely use
23 the lodestar method to determine the reasonableness of
24 attorneys' fees.  See Christensen v. Stevedoring Servs.
25 of Am., 557 F.3d 1049, 1053 (9th Cir. 2009); City of
26 Burlington v. Dague, 505 U.S. 557, 562 (1992) ("[T]he
27 'lodestar' figure has . . . become the guiding light of
28 [the court's] fee-shifting jurisprudence.").  The

lodestar figure is calculated by multiplying the hours reasonably spent on the litigation by a reasonable hourly rate. See, e.g., Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013).

**B. Analysis**

Plaintiff seeks attorneys' fees in the amount of $23,108.50 for 73.08 hours of legal work performed in this case since the entry of the Amended Permanent Injunction on February 18, 2022. See generally Pl.'s Supp. Req. for Att'y Fees, ECF No. 61. This includes 15.7 hours of work by Partner Christopher Pham, who bills at a $525 hourly rate; 32.5 hours of work by Associate Marcus Chaney, who bills at a $400 hourly rate; and 24.88 hours of work by Support Staff Member Lee Ann Sowers, who bills at a $75 hourly rate. Id. at 2:2-13. The Court will examine in turn the reasonableness of the rates charged and the hours expended by Plaintiff's counsel.

    1. Reasonable Hourly Rates

Fee awards must be computed using "an hourly rate that is based on the prevailing market rates in the relevant community." Gonzalez, 729 F.3d at 1200. The relevant community is that in which the court sits. Schwarz v. Sec. of Health & Human Servs., 73 F.3d 895, 906 (9th Cir. 1995). In determining whether rates are reasonable, "[t]he Court [may] also draw[] on precedent from other courts, its knowledge of the prevailing community rates, and its evaluation of the quality of

the work performed by counsel." Toyo Tire & Rubber Co. Ltd v. Hong Kong Tri-Ace Tire Co., No. SACV1400054CJCJPRX, 2018 WL 702851, at *3 (C.D. Cal. Jan. 24, 2018) (citation omitted).

    Here, Pham is a partner with over twenty years of experience. In support of Pham's $525 hourly rate, Chaney declares that Pham "is a top-rated intellectual property litigation attorney who has consistently attained a high degree of peer recognition and professional achievement." Decl. of Marcus F. Chaney in Supp. of Req. ("Chaney Decl.") ¶ 4, ECF No. 61-1. After reviewing the rates that have been accepted as reasonable for partners with similar experience in intellectual property cases within the Central District of California, the Court finds Pham's rate of $525 per hour to be reasonable. See Hansen Cold Storage Constr. v. Cold Sys., Inc., No. 2:19-cv-07617-SB-MAA, 2022 WL 1199271, at *4-5 (C.D. Cal. Feb. 11, 2022) (finding a $730 hourly rate to be reasonable for a partner with 30 years of experience); Notorious B.I.G. LLC v. Yes. Snowboards, No. CV 19-1946-JAK (KSx), 2021 WL 6752168, at *5 (C.D. Cal. Dec. 22, 2021) (finding a $730 hourly rate to be reasonable for a partner with fifteen years of experience); Tee Turtle, LLC v. Abmask, No. 2:21-CV-03572-CBM-E(x), 2021 WL 4812947, at *2 (C.D. Cal. July 8, 2021) (finding a $755 hourly rate to be reasonable for a partner with twenty years of experience).

    Chaney is a senior associate with over twelve years

of experience in intellectual property litigation, who also has had purported success in this area. Chaney Decl. ¶ 5. The Court also find Chaney's hourly rate of $400 to be reasonable based on the prevailing rates in the Central District for associates with similar experience. See Rolex Watch USA Inc. v. Zeotec Diamonds Inc., No. CV 02-1089 PSG (VBKx), 2021 WL 4786889, at *4 (C.D. Cal. Aug. 24, 2021) (setting the reasonable hourly rate at $552.50 for an associate with five years of experience); Ubisoft, Inc. v. Kruk, No. CV 20-478-DMG (ASx), 2021 WL 3472833, at *6 (C.D. Cal. July 9, 2021) (accepting a $410 hourly rate as reasonable for an associate with four years of experience).

Finally, Sowers is a support staff member who was in charge of conducting investigations regarding Defendants' compliance with the Settlement Agreements and the Amended Permanent Injunction. Chaney Decl. ¶ 6. The Court also finds her hourly rate of $75 per hour to be reasonable. See Rolex Watch, 2021 WL 4786889, at *4 (setting the reasonable rate for litigation support staff at $150 per hour and collecting cases where similar rates have been accepted); Hansen Cold Storage Constr., 2022 WL 1199271, at *5 (same).

    2.  Reasonable Time Expenditures

A district court should only award fees for hours that were reasonably expended on the litigation. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) ("Counsel . . . should make a good faith effort to exclude from a

fee request hours that are excessive, redundant, or otherwise unnecessary."). "The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." United States v. $28,000.00 in U.S. Currency, 802 F.3d 1100, 1107 (9th Cir. 2015) (quoting Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992)).

Plaintiff has provided a billing statement, which clearly outlines the tasks performed by Pham, Chaney, and Sowers related to the Motion for Contempt. See Chaney Decl. Ex. 1, ECF No. 61-2. The billing statement also details the time required for each task, recorded in six-minute intervals. Id. It is clear from this record that Chaney performed the bulk of the work for this Motion in drafting the memorandum and conducting various research, while Pham supervised by reviewing drafts and corresponding with opposing counsel. Id. Sowers' sole task was to investigate Defendants' Amazon listings to determine whether Defendants were complying with the Settlement Agreements and the Amended Permanent Injunction. Id.

Based on these records, the Court finds that the time billed by Plaintiff's counsel was reasonable. Defendants do not object to the number of hours Plaintiffs have asserted. All of the work recorded appears closely related to Plaintiff's "attempt to enforce compliance" with the Settlement Agreements and

Amended Permanent Injunction. <u>Toyo Tire & Rubber Co., Ltd. v. Hong Kong Tri Ace Tire Co.</u>, 281 F. Supp. 3d 967, 993 (C.D. Cal. 2017). Moreover, none of the billed time appears to be overly duplicative or excessive. <u>See</u> <u>In re Toys R Us-Del., Inc. FACTA Litig.</u>, 295 F.R.D. 438, 450 (C.D. Cal. 2014) ("The time records do not show, for example, that they spent inordinate amounts of time reviewing or editing each other's work.").

Plaintiff's counsel also worked efficiently by utilizing its support staff to conduct the pre-filing investigation into Defendants' noncompliance. <u>See</u> <u>Billion Motors, Inc. v. 5 Star Auto Grp.</u>, No. 8:19-cv-00945-SVW, 2020 WL 8373396, at *2 (C.D. Cal. Dec. 17, 2020) ("Although Plaintiff's motion for contempt required substantial pre-filing investigation into Defendants' conduct, Plaintiff's counsel conducted this investigation in an efficient manner by utilizing a paralegal rather than an attorney."); <u>cf.</u> <u>Rolex Watch</u>, 2021 WL 4786889, at *5 (finding counsel's billed hours unreasonable where a majority of the pre-filing investigation and contempt motion writing process was billed at a partner's hourly rate).

Finally, courts have accepted similar amounts of time as reasonable for legal work related to a motion for contempt. <u>See</u> <u>Billion Motors</u>, 2020 WL 8373396, at *2 (finding 66 hours to be reasonable for preparing a motion for contempt); <u>Rolex Watch</u>, 2021 WL 4786889, at *5 (finding 125 hours to be reasonable for preparing

contempt motion, replying to defendant's opposition, and preparing for three in-person hearings). For these reasons, the Court finds Plaintiff's counsel's billed time of 73.08 hours to be reasonable.

    3. <u>Lodestar Calculation</u>

As discussed above, the Court finds both the hourly rates and the number of hours expended by Plaintiff's counsel to be reasonable. Accordingly, the fee award is equal to the total cost of Pham's 15.7 hours of work at a $525 hourly rate, Chaney's 32.5 hours of work at a $400 hourly rate, and Sowers' 24.88 hours of work at a $75 hourly rate. The Court therefore **AWARDS** Plaintiff attorneys' fees in the amount of **$23,108.50** for work related to the Motion for Contempt. The Court also **GRANTS** Plaintiff's request for costs and **AWARDS** Plaintiff **$925.29** for costs associated with the Motion for Contempt. See <u>Bernardi v. Yeutter</u>, 951 F.2d 971, 976-77 (9th Cir. 1991) (affirming an award of costs associated with the filing of a motion for contempt).

///
///
///
///
///
///
///
///
///

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Request and **AWARDS** Plaintiff a total of **$24,033.79** in attorneys' fees and costs associated with the Motion for Contempt. Defendants are ordered to pay this amount to Plaintiff.

**IT IS SO ORDERED.**

DATED: August 16, 2022         /s/ Ronald S.W. Lew
                               _____
                               **HONORABLE RONALD S.W. LEW**
                               Senior U.S. District Judge